McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Defendant
U.S. OFFICE OF PERSONNEL MANAGEMENT

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE SAKAMOTO,<br><br>           Plaintiff,<br><br>      v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT,<br><br>           Defendant. | CIV. S-06-1215-GEB/DAD-PS<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR INITIAL THREE-WEEK CONTINUANCE; COUNSEL DECLARATION; AND ORDER**<br><br>Date:   March 16, 2007<br>Time:   10:00 a.m.<br>Judge:  Hon. Dale A. Drozd |

Defendant, the U.S. Office of Personnel Management, applies under Local Rule 6-144 for an initial three-week continuance of the remainder of the summary judgment briefing schedule set by Order filed October 11, 2006, including the filing dates for defendant's opposition and cross-motion, plaintiff's reply and opposition, defendant's reply and the hearing. In particular, the request is:

   1. That the hearing set for February 23, 2007, before Judge Drozd, be continued for an initial period of three weeks, until March 16, 2007.

   2. That the date for filing defendant's cross-motion and opposition be extended by three weeks, from January 19, 2007, until February 9, 2007.

   3. That the date for filing plaintiff's opposition and reply be extended by three weeks, from February 2, 2007, until February 23, 2007.

1    4. That the date for filing defendant's reply be extended by three weeks, from February 16, 2007, until March 9, 2007.

The continuance is needed because defendant needs time to finish its processing for release of a 2001 personnel practices evaluation whose status as a requested document was uncertain until mid-January 2007. This application is needed because plaintiff has declined to consent to the continuance. Details are in the accompanying counsel declaration. No previous extension of this time has been requested or granted. A suggested form of Order is submitted herein in the event this application is granted.

Dated: January 18, 2007               McGREGOR W. SCOTT
                                      United States Attorney

                                By:   /s/ Y H T Himel
                                      YOSHINORI H. T. HIMEL
                                      Assistant U.S. Attorney


## COUNSEL DECLARATION

YOSHINORI H. T. HIMEL, pursuant to 28 U.S.C. 1746(2), declares as follows:

1. I am an Assistant United States Attorney assigned the captioned case.

2. Defendant requests this continuance to be able to finish processing a 2001 OPM report of EPA personnel practices for release in redacted form, and to expand its summary judgment opposition and cross-motion presently due January 19, 2007, to include that report.

3. My understanding from agency counsel is that audit reports exist for OPM evaluations of EPA personnel practices occurring in 2001 and 2006. Until sometime in the latter part of 2006, the person processing those evaluations for plaintiff read plaintiff's January and June 2006 FOIA requests for OPM's "most recent evaluation" as seeking the 2001 audit report. The reasoning was that the 2001 evaluation was at that time the most recent one to result in a report, because the 2006 evaluation results had not yet been put in written form. But in the latter part of 2006, the staff member became aware that the evaluation had given rise to written results in August 2006. Because the 2006 evaluation became the most recent one, she concluded that the 2006 evaluation had become the only

evaluation responsive to plaintiff's January and June 2006 requests for the "most recent evaluation." Through the first part of January 2007, OPM read plaintiffs' January and June 2006 FOIA requests for the "most recent evaluation" as both referring to the same evaluation.

4. On January 16, 2007, in a second look at plaintiff's revised motion for summary judgment, Clerk's Record number ("CR") 23, I concluded that plaintiff wants both the 2001 and the 2006 evaluations. See CR 23 at 2, first full paragraph.

5. In my opinion, the FOIA requests themselves are ambiguous and do not compel an interpretation that they ask for two different evaluations. There is legal support for measuring a FOIA request's scope as of the time the request is received; there also is legal support for measuring its scope as of the time the records are processed. Here, both requests were received in the first half of 2006, before a 2006 report existed, and therefore, under one view of the law, both requests could refer to the 2001 evaluation. Records thought to be responsive to both requests were processed in late 2006, and therefore, in another view of the law, both requests could refer to the 2006 evaluation. In particular, the January 2006 request seeks "OPM's most recent evaluation." The fact that it also refers to "2001 or later" need not be interpreted as restricting its scope to 2001, since "2001 or later" can include 2006.

6. Notwithstanding the considerations in the preceding paragraph, in a telephone conversation on January 16, 2007, agency counsel and I decided that defendant should respond to the two requests as if they cover the 2001 and the 2006 evaluations.

7. To make that response, we concluded that processing of the 2001 evaluation for release would need to be resumed, and that redactions in the contemplated release from that response would need to be covered in a motion for summary judgment.

8. To move for summary judgment on the 2001 evaluation, OPM needs to finish its processing of it, release it, generate declaration material supporting summary judgment on it, and cover that material in the briefing, currently due January 19, 2007, being developed to oppose plaintiff's summary judgment motion and to support defendant's summary judgment motion.

1    9.  Agency counsel and I estimate that defendant needs three weeks to do the tasks mentioned in the preceding paragraph.

10.  In my opinion, no purpose would be served by litigating the 2001 and 2006 evaluations in motions briefed or heard at different times.  The legal issues overlap, and piecemeal litigation probably would waste judicial resources.

11.  On January 16, 2007, I called plaintiff's telephone number of record and left a detailed voice message asking whether she would consent to the continuance requested here.

12.  By letter dated January 16, 2007, I repeated the question and enclosed a proposed stipulation and order.  A copy of the letter and stipulation is submitted contemporaneously herewith.

13.  On the letter's date of January 16, 2007, I attempted to fax the letter and stipulation to plaintiff's fax number of record.  The fax machine made ten attempts to transmit the letter and stipulation; all were unsuccessful.

14.  Consequently, on January 16, 2007, I had the letter and stipulation sent by overnight service to plaintiff's address of record.

15.  At the close of business on January 17, 2007, my office received a fax in which plaintiff declined to consent to the requested continuance.  A copy of plaintiff's fax is submitted contemporaneously herewith.

16.  No previous request for this extension has been made or granted.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 18, 2007.

                                      */s/ Y H T Himel*
                                      YOSHINORI H. T. HIMEL

## ORDER

Good cause having been shown, it is ORDERED as follows:

1.  The hearing set for February 23, 2007, before Judge Drozd, is CONTINUED for an initial period of three weeks, until March 16, 2007, at 10:00 a.m.

DEFENDANT'S EX PARTE APPLICATION FOR INITIAL THREE-WEEK CONTINUANCE; COUNSEL DECLARATION; PROPOSED ORDER    Page 4

2. The date for filing defendant's cross-motion and opposition is EXTENDED by three weeks, from January 19, 2007, until February 9, 2007.

3. The date for filing plaintiff's opposition and reply is EXTENDED by three weeks, from February 2, 2007, until February 23, 2007.

4. The date for filing defendant's reply is EXTENDED by three weeks, from February 16, 2007, until March 9, 2007.

IT IS SO ORDERED.

DATED: January 18, 2007.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.prose/sakamoto1215.eot