IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSEANNE SAKAMOTO,

    Plaintiff,                             No. CIV S-06-1215 GEB DAD PS

    vs.

U.S. OFFICE OF PERSONNEL            FINDINGS AND RECOMMENDATIONS
MANAGEMENT,

    Defendant.
_____/

       This matter came before the court on April 6, 2007, for hearing on the parties' cross-motions for summary judgment. Roseanne Sakamoto, proceeding pro se, appeared telephonically on her own behalf. Yoshinori H. T. Himel appeared for defendant. The motions were taken under submission.

       Upon consideration of the parties' arguments in open court and all written materials submitted in connection with the parties' motions, the undersigned recommends that plaintiff's motion be denied and defendant's motion be granted.

PROCEDURAL HISTORY

       This action was filed in the United States District Court for the Northern District of California on April 24, 2006, and was transferred to the Eastern District of California on June 5, 2006. Plaintiff filed an amended complaint on August 22, 2006. At the Status (Pretrial

Scheduling) Conference held on October 5, 2006, the court determined that the matter was suitable for resolution on motions for summary judgment. A schedule was established for filing and briefing motions for summary judgment.

## STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex Corp., 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles,

607 F.2d 1276, 1280 (9th Cir. 1979). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

## THE PARTIES' MOTIONS

Plaintiff's action has been brought pursuant to the Freedom of Information Act ("FOIA"). Plaintiff's claims arise from the failure of the United States Office of Personnel Management ("OPM") to respond to three document requests in a timely manner.

On January 3, 2006, plaintiff requested a copy of OPM's "most recent evaluation (there may have been one done in 2001 or later) of personnel management at the U.S. Environmental Protection Agency, Washington D.C. and of U.S. EPA, Region 9, San Francisco Office." (Pl.'s Mot. for Summ. J., Ex. 37.) After receiving no response, plaintiff filed this action seeking a court order for the documents requested, a Vaughn index for any documents withheld, unspecified injunctive relief, damages, and costs.

On June 16, 2006, plaintiff requested a copy of OPM's "most recent evaluation of personnel management practices at the U.S. Environmental Protection Agency, Washington D.C. (Most recent date is unknown) and of U.S. EPA, Region 9, San Francisco Office (June 2006 is most recent)." (Pl.'s Mot. for Summ. J., Ex. 38.)

On July 6, 2006, plaintiff requested employee performance and personnel files for two EPA employees. After receiving no response to either of these requests, plaintiff filed an amended complaint in this action, alleging OPM's failure to provide timely responses to all three document requests.

I. <u>Plaintiff's Motion</u>

Plaintiff asserts that she is entitled to summary judgment on her FOIA claims based on OPM's failure to timely produce records responsive to the requests made in January and June 2006. Plaintiff withdraws her claim with regard to the documents requested in July 2006.

Plaintiff acknowledges that she has been provided with a copy of OPM's initial response to her January request. (Pl.'s Mot. for Summ. J., Ex. Y.) Plaintiff did not receive the original response dated May 3, 2006, because it was misdirected to an address in Delaware. The response indicates that all responsive documents are excluded from coverage under FOIA, but no specific exemption is identified. Plaintiff seeks an order requiring OPM to provide all documents responsive to her January request.

Plaintiff acknowledges that defendant has provided some documents in response to her June request. (Pl.'s Mot. for Summ. J., Ex. Z.) Plaintiff complains that defendant withheld documents or information under Exemption 5 on the ground that those documents are inter-agency memoranda or letters protected under the deliberative process privilege and under Exemption 6 on the ground that the documents are personnel and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

Plaintiff argues that the deliberative process privilege does not apply to the documents or information withheld because OPM had declared the audit process finalized and formalized its findings, which were then delivered to the auditee. Plaintiff contends that when the deliberative process is over, Exemption 5 no longer applies. Plaintiff indicates that she does not seek any information redacted pursuant to Exemption 6 but she does seek an order requiring OPM to produce all records improperly withheld. Plaintiff also seeks an award of litigation costs, including the amount of the filing fee and $1,000 for "inconvenience."

II. <u>Defendant's Opposition to Plaintiff's Motion and Cross-Motion for Summary Judgment</u>

Defendant seeks summary judgment on the grounds that OPM performed an adequate search for the requested records and withheld only material protected by exemptions.

1  Defendant submits the following undisputed facts:  OPM received plaintiff's
2  January 2006 request for a copy of OPM's most recent evaluation, in 2001 or later, of personnel
3  management at EPA headquarters and its Region 9 office; plaintiff sent follow-up letters
4  concerning her request in February and March 2006; OPM's initial response, dated May 3, 2006,
5  denied plaintiff's January 2006 request; OPM received plaintiff's June 2006 request for a copy of
6  OPM's most recent evaluation of personnel management at EPA headquarters and its Region 9
7  office; OPM received plaintiff's July 2006 request for copies of employee performance and
8  personnel files for two individuals employed by EPA in San Francisco; by letter dated July 13,
9  2006, OPM advised plaintiff that personnel records are not maintained at OPM and provided
10  instructions on how to obtain information from National Archives; on August 22, 2006, plaintiff
11  filed her amended complaint alleging that her requests had not been responded to; Judith Davis,
12  an OPM operations officer, requested responsive records from field offices and compiled an
13  exhaustive set of audit reports; by letter dated December 9, 2006, OPM released to plaintiff
14  portions of its 2006 audit reports for EPA headquarters and Region 9; plaintiff responded that her
15  January 2006 request sought records that predated 2006; plaintiff rescinded her July FOIA
16  request and clarified that she does not seek information redacted pursuant to Exemption 6; by
17  letter dated February 9, 2007, OPM released to plaintiff portions of its 2001 audit reports for
18  EPA headquarters and Region 9; the portions redacted pursuant to Exemption 5 are described in
19  part II of defendant's <u>Vaughn</u> index.  (<u>See</u> Defs.' Cross-Mot. for Summ. J., Ex. I.)

20  Defendant concedes that the burden is on the agency to sustain its action on a
21  FOIA request, 5 U.S.C. § 552(a)(4)(B), but observes that the agency can carry the burden by
22  negating any one or more of the three elements of a FOIA claim:  that an agency (1) improperly
23  (2) withheld (3) agency records.  Defendant points to the Davis declaration as establishing that
24  the agency's search for documents responsive to plaintiff's requests was reasonably calculated to
25  uncover all relevant documents.  Defendant argues that the material withheld is protected by the
26  deliberative process privilege contained in Exemption 5 and was properly withheld.

Defendant asserts that documents reflecting advisory opinions, recommendations, and deliberations related to the process by which governmental decisions and policies are formulated are inter-agency or intra-agency memoranda within the meaning of Exemption 5. Defendant explains that the deliberative process privilege applies if a document is both predecisional and deliberative, even if the recommendations are never incorporated into agency decisions. Defendant explains that predecisional documents protected by Exemption 5 may even be generated by an agency that lacks decisional authority in order to advise another agency that does possess such authority. Defendant states that a document is deliberative in nature if its disclosure would expose an agency's decision-making process in such a way as to discourage candid discussion and undermine the agency's ability to perform its functions.

With regard to plaintiff's requests in this case, defendant asserts that the audit documents at issue are predecisional because they were prepared by OPM in order to assist the EPA decisionmaker. Defendant cites the Davis declaration, in which declarant explains that OPM audited EPA headquarters and EPA's Region 9 office in order to assess EPA's human capital management, including strategic alignment, talent management, results-oriented performance culture, leadership and knowledge management, and human capital accountability. Each OPM audit resulted in a summary report to EPA containing OPM's key findings, recommendations, and corrective actions. (Def.'s Cross-Mot. for Summ. J., Davis Decl. ¶ 18-20, 22.) Defendant asserts that, although no specific EPA decision can be linked to the OPM audit reports, the audit documents were part of the deliberative process. OPM had no authority to make decisions for EPA, but OPM advised EPA as to how it might exercise its own authority to make decisions. Thus, defendant reasons, the mere fact that OPM finalized and formalized its findings and delivered them to the auditee does not alter the deliberative nature of the audit documents. Defendant argues that the audit reports are part of the audited agency's decisionmaking process and that the recommendations in those reports therefore fall within a category expressly covered by Exemption 5. Defendant concludes that OPM's audit documents

present numerous recommendations that might affect the internal workings of EPA, the release of which might discourage auditors in future OPM audits from being candid.

Defendant admits that the documents provided to plaintiff were extensively redacted but argues that the redacted material consists of OPM's recommended actions and accompanying discussions. Defendant observes that recommendations are typically withheld under Exemption 5 and that the supportive discussions comprise part of the deliberative process.

Defendant moves to dismiss plaintiff's request for $1,000 in damages on the ground that damages are not awardable under FOIA.

III. Plaintiff's Reply and Opposition to Defendant's Cross-Motion

Plaintiff argues that the Davis declaration and Vaughn index fail to justify application of Exemption 5, defendant has not identified the function and significance of the redacted material in the agency's decisionmaking process, and the exemption cannot be invoked without stating the content of each document withheld and the role it plays in the decisionmaking process.

Plaintiff reiterates her view that OPM's finalized findings of fact cannot be deliberative or predecisional and argues that factual information is outside Exemption 5, that audit reports express findings rather than deliberations, and that segregable portions of the records must be provided after redacting only the exempt portions. Plaintiff asserts that defendant failed to perform a segregability analysis. She suggests that the court conduct an *in camera* review of the 2001 audit reports, compare them with the 2006 audit reports, and determine whether defendant has properly invoked the deliberative process privilege with regard to the 2001 reports.

Plaintiff confirms that she does not seek information protected by Exemption 6 and points out an error in the Davis declaration. Plaintiff concedes that she cannot recover the amount she claims for inconvenience. However, she requests an order requiring defendant to release all segregable findings and pay $500.00 for plaintiff's costs of litigation.

IV. Defendant's Reply to Plaintiff's Opposition

Defendant points out that plaintiff fails to acknowledge the inter-agency aspect of the deliberative process and the fact that factual materials can be exempt under the deliberative process privilege. Defendant asserts that a segregability analysis is unnecessary in this case because only exempt materials have been withheld. Defendant also notes that there is no time limit on the protection afforded pursuant to Exemption 5.

Defendant objects to plaintiff's suggestion of *in camera* review on the ground that such a procedure should be invoked only when the issue before the court cannot be resolved otherwise. Defendant argues that the Ninth Circuit approves of *in camera* review only under limited circumstances and only after the government has been required to justify FOIA withholding in as much detail as possible on the public record. Defendant contends that OPM has supplied as much factual support for its position as possible without jeopardizing the government's interest in withholding portions of the documents and that *in camera* review would be inappropriate absent a finding by the court that defendant's factual support is inadequate.

In response to plaintiff's concern about an error in the Davis declaration, defendant provides a supplemental declaration correcting the error.

V. Plaintiff's Reply to Reply

In an unauthorized pleading, plaintiff argues that she is interested only in findings of fact. She disavows any interest in the agency's recommendations and repeats her view that defendant should be required to perform a segregability analysis.

DISCUSSION

Plaintiff commenced this action in April 2006 because she did not receive any response from OPM to her January 2006 FOIA request. Plaintiff expanded her complaint to allege OPM's failure to respond to subsequent FOIA requests made in June and July 2006. Plaintiff has now received responses to her January and June 2006 requests but is not satisfied with those responses. Plaintiff has withdrawn her claim concerning the July 2006 request.

"FOIA gives individuals a judicially-enforceable right of access to government agency documents." Lion Raisins Inc. v. U.S. Dep't of Agric., 354 F.3d 1072, 1079 (9th Cir. 2004) (citing 5 U.S.C. § 552). If a FOIA request reasonably describes the documents sought and complies with published rules as to time, place, fees, and procedures, the agency "shall make the records promptly available" to the person who requested them. 5 U.S.C. § 552(a)(3)(A).

In the interests of full agency disclosure, FOIA's disclosure requirements are to be interpreted broadly. John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989); Lion Raisins, 354 F.3d at 1079. In order to prevent the disclosure of sensitive government documents, FOIA lists nine statutory exemptions. 354 F.3d at 1079 (citing 5 U.S.C. § 552(b)(1)-(9)). The statutory exemptions are to be narrowly construed. Id. (citing John Doe Agency, 493 U.S. at 152). The burden is on the agency to sustain its decision to withhold documents pursuant to an enumerated exemption. Id. (citing 5 U.S.C. § 552(a)(4)(B)).

Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The provision "exempt[s] those documents, and only those documents, normally privileged in the civil discovery context." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975). Among the privileges included in Exemption 5 are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. Id.

The deliberative process privilege exempts from disclosure documents reflecting predecisional agency deliberations, thereby encouraging frank and uninhibited communication among government officials in the course of creating public policy. 421 U.S. at 150-51. Documents reflecting advisory opinions, recommendations, and deliberations comprise part of the process by which governmental decisions and policies are formulated and therefore constitute inter-agency or intra-agency memoranda for purposes of Exemption 5. Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001); Carter v. U.S. Dep't of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002).

The deliberative process privilege is applicable to a document only if it is both predecisional, i.e., it was "prepared in order to assist an agency decisionmaker in arriving at his decision," and deliberative, i.e., it contains recommendations, opinions, and subjective judgments. Carter, 307 F.3d at 1089-90. Because the deliberative process privilege is designed to permit agencies to engage in a continuing process of examining their policies, Exemption 5 protects memoranda containing recommendations that never ripen into agency decisions. Sears, 421 U.S. at 151 n.18. Exemption 5 also protects predecisional documents generated by an agency that lacks decisional authority where the documents were prepared for the purpose of advising another agency that does possess such authority. Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 188 (1975). A document is deliberative in nature if "the disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Assembly of State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 921 (9th Cir. 1992).

Factual material may be covered by the deliberative process privilege because "the ultimate objective of exemption 5 is to safeguard the deliberative process of agencies, not the paperwork generated in the course of that process." Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988). As the Ninth Circuit has explained,

> the scope of the deliberative process privilege should not turn on whether we label the contents of a document "factual" as opposed to "deliberative." . . . .
>
> Under this "process-oriented" or "functional" test that we adopt, documents containing nonbinding recommendations on law or policy would continue to remain exempt from disclosure. Factual materials, however, would likewise be exempt from disclosure to the extent that they reveal the mental processes of decisionmakers. In other words, whenever the unveiling of factual materials would be tantamount to the "publication of the evaluation and analysis of multitudinous facts" conducted by the agency, the deliberative process privilege applies.

Id. (citations omitted). Compare Nat'l Wildlife Fed'n, 861 F.2d at 1121-22 (holding that the

agency properly withheld draft Forest Plans and draft Environmental Impact Statements under the deliberative process privilege because the materials represented the mental processes of the agency in considering alternative courses of action prior to settling on a final plan) with Assembly of State of Cal., 968 F.2d at 917 & 922 (holding that a computer tape containing adjusted census data was neither predecisional nor deliberative and could not be withheld under Exemption 5 because release of this factual material would not enable the public to reconstruct the formulas used by the agency to generate the adjusted census data).

Thus, a document will be considered part of the deliberative process "as long as it is 'actually . . . related to the process by which policies are formulated.'" Nat'l Wildlife Fed'n, 861 F.2d at 1118 (citation omitted). Factual information in the document will be exempt "[w]here either the disclosure of the manner of selecting or presenting facts would expose the deliberative process, or where facts are inextricably intertwined with policy-making processes." Id. at 1119 (internal quotations omitted).

"Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." Lion Raisins, 354 F.3d at 1082 (citing Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 742 (9th Cir. 1979)). The government must submit a detailed public affidavit that identifies the documents withheld, specifies the FOIA exemption or exemptions claimed, and presents a particularized explanation of why each document falls within the claimed exemption. 354 F.3d at 1082 (citing Wiener v. FBI, 943 F.2d 972, 977 (9th Cir. 1991)). Such an affidavit is referred to as a "Vaughn index." Id. (citing Vaughn v. Rosen, 484 F.2d 820, 823-25 (D.C. Cir. 1973)). After an agency identifies the documents withheld and specifies the exemption or exemptions under which each document was withheld, the agency "need only explain, publicly and in detail, how releasing each of the withheld documents would interfere with the government's" activity. Id. at 1084.

Summary judgment procedure in FOIA cases does not contemplate that either the court or the plaintiff will have the opportunity to view the withheld documents, and therefore the

Vaughn index must be detailed enough for the court to make an assessment of the government's claim of exemption.  Id. at 1082 (citing Maricopa Audubon Soc'y v. U.S. Forest Serv., 108 F.3d 1089, 1092 (9th Cir. 1997)).  If the court finds the government's Vaughn index too vague, the court may order a more detailed public affidavit, and if the more detailed public affidavit is too vague, the court may order a more detailed affidavit for *in camera* review.  See id. at 1082-83 (citing Doyle v. FBI, 722 F.2d 554, 555 (9th Cir. 1983)).  The *in camera* review of a more detailed affidavit filed under seal is appropriate "where 'the government's public description of a document and the reasons for exemption may reveal the very information that the government claims is exempt from disclosure.'"  Id. at 1083 (quoting Doyle, 722 F.2d at 556).

        A district court may rely on *ex parte* affidavits only in an exceptional case and only after the government has submitted as detailed a public affidavit as possible.  Id.; see also Wiener, 943 F.2d at 979 (reversing district court's order granting summary judgment for the agency after *in camera* review of *ex parte* affidavits and copies of the documents withheld, where the district court did not first require the agency to submit public affidavits setting forth as much detail as possible).

        Having carefully considered the parties' arguments and evidence, the undersigned finds that the Davis declaration, attached exhibits, and Vaughn index provide a factual basis for exempting the redacted portions of the audit documents from disclosure under FOIA.  The Davis declaration explains that OPM has a statutory duty to conduct periodic audits of personnel management authorities at agencies throughout the federal government. (Davis Decl. ¶16.)  The audits are intended to support merit-based personnel management by assessing the status of personnel management programs in specific areas in order to determine the effectiveness of those programs and the agency's compliance with merit system principles. (Id.)  OPM auditors review personnel actions and related records, review published agency policies and guidelines that affect the human resources decisions of agency managers and human resources staff, conduct group and individual interviews, and analyze data from OPM's central personnel data file. (Id. ¶ 18.)  After

an audit is completed, OPM provides a summary report of key findings, recommendations, and required corrective actions, highlighting overall trends and conclusions. (Id. ¶¶ 19-21.)

The Davis declaration, the letters transmitting defendant's responses to plaintiff, and the Vaughn index demonstrate that the audit documents responsive to plaintiff's FOIA requests are both predecisional in nature and part of the deliberative process, such that the disclosure of the complete documents would expose OPM's contribution to EPA's decision-making process and would inhibit OPM's ability to perform its audit functions and provide effective reports. The audit documents include both required and recommended corrective actions, with key findings that demonstrate the need for corrective action. The factual material included in the audit reports should be exempt from disclosure because it is presented in the context of specific personnel management issues, does not appear to be segregable, and would reveal the mental processes of the OPM auditors who prepared the audit reports for the purpose of advising EPA decisionmakers.

The undersigned finds that OPM's responsive documents are part of the deliberative process because they are actually related to the process by which policies are formulated by agency decisionmakers. The factual information in the audit documents is exempt because the facts are inextricably intertwined with policy-making processes. Defendant has carried its burden of showing that the material withheld, including factual material, would reveal the mental processes of the agency. Exemption 5 must be applied to the redacted portions of the documents because disclosure of OPM's recommendations and the discussions supporting those recommendations would discourage candid recommendations by OPM auditors in the future.

Finally, the eventual production of documents, "however belatedly, moots FOIA claims." Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002) (internal quotation marks omitted). There is no showing that defendant's delay in producing the documents received by plaintiff was due to bad faith, and there is no evidence of a recurring pattern of FOIA violations by the agency. Cf. Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1174 (9th Cir. 2002).

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's December 22, 2006 motion for summary judgment be denied;

2. Defendant's February 9, 2007 motion for summary judgment be granted; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** (10) days after being served with these findings and recommendations, any party may file and serve written objections with the court.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within **ten** (10) days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2007.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/sakamoto1215.f&r.xmsj